FILED '06 OCT 16 16:55 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Certified to be a true copy of the original filed in my office.
Dated 10/17/06
Sheryl S. McConnell, Clerk
By _____ Deputy

| | |
|---|---|
| MARY McNABB, as Executrix of the Estate of Betty H. Alvis, | ) ) ) |
| Plaintiff, | ) ) Civil Case No. 01-1583-KI |
| vs. | ) ) OPINION AND ORDER |
| GLAXOSMITHKLINE, individually and as successor in interest to SMITHKLINE BEECHAM CORPORATION, a subsidiary of SMITHKLINE BEECHAM HOLDINGS CORPORATION, NOVARTIS AG, NOVARTIS CORPORATION, NOVARTIS CONSUMER HEALTH, INC.; and NOVARTIS PHARMACEUTICALS CORPORATION, PFIZER, INC., a subsidiary of WARNER-LAMBERT, individually and as successor in interest to PARKE-DAVIS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Page 1 - OPINION AND ORDER

Mary McNabb
Executrix for the Estate of Betty Alvis
2016 Sand Street
Kingsport, Tennessee 37660

    Pro Se Plaintiff

Bruce C. Hamlin
Lane Powell P.C.
601 S. W. Second Avenue, Suite 2100
Portland, Oregon 97204-3158

Glenn J. Pogust
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022-3598

    Attorneys for Defendant Novartis Consumer Health, Inc.

William B. Crow
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. 5th Avenue, Suite 1900
Portland, Oregon 97204

    Attorney for Defendant GlaxoSmithKline

KING, Judge:

Betty Alvis brought a products liability suit against Smithkline Beecham Corporation, Novartis Consumer Health, Inc. and related entities ("Novartis"), Warner-Lambert Company and Pfizer, Inc. in October 2001. Mary McNabb, as the Executrix of the Estate of Betty Alvis, filed a Motion for Change of Venue (#22).

## FACTUAL AND PROCEDURAL BACKGROUND

Alvis's products liability suit was transferred from this court into multidistrict litigation in the United States District Court for the Western District of Washington in January 2002, and

Page 2 - OPINION AND ORDER

was remanded to this court in January 2006. On March 15, 2006, I granted the motion of attorney Thomas Powers of Williams Love O'Leary Craine & Powers, PC, of Portland, Oregon, to withdraw as counsel to McNabb and the Alvis estate. On April 13, 2006, McNabb, *pro se*, filed a Motion for Change of Venue to the United States District Court for the Eastern District of Tennessee. McNabb resides in that district.

Novartis asked the court to stay consideration of McNabb's motion and filed a Motion to Enforce Settlement Agreement on April 28, 2006. After issuing an Opinion and Order deferring ruling on Novartis' motion pending an evidentiary hearing, I subsequently issued an order denying the motion as moot on the report of the parties that the case was settled as to Novartis.

## LEGAL STANDARDS

28 U.S.C. § 1404(a) provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of § 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612 (1964).

## DISCUSSION

Plaintiff has settled her claim against defendant Novartis. Plaintiff and defendant Pfizer, a subsidiary of Warner-Lambert, stipulated to a dismissal with prejudice of plaintiff's claim on November 25, 2002. The remaining defendant GlaxoSmithKline, as successor in interest to Smithkline Beecham Corporation and related parties, consents to the transfer of venue.

Page 3 - OPINION AND ORDER

Plaintiff's motion is based on the fact that the original cause of the complaint arose in Tennessee, that witnesses are located there, that plaintiff's representative is disabled and unable to travel to Oregon, and the plaintiff's representative is not in a position to interview and retain counsel in Oregon.

Based on plaintiff's reasons, and in particular the fact that "a substantial part of the events or omissions giving rise to the claim occurred" in Tennessee, as well as the fact that the remaining defendant does not object, I grant plaintiff's motion to transfer venue to the Eastern District of Tennessee. See 28 U.S.C. § 1391(a)(2).

## CONCLUSION

Plaintiff's Motion to Change or Transfer Venue (# 22) is granted.

IT IS SO ORDERED.

Dated this ___16___ day of October, 2006.

_____
Garr M. King
United States District Judge